IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRANDE MICHELLE COY                          PLAINTIFF

vs.                              Civil No. 4:11-cv-04116

MICHAEL J. ASTRUE                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Brande Michelle Coy ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her disability application on November 4, 2009. (Tr. 10, 86-87). Plaintiff alleges being disabled due to multiple sclerosis, chronic headaches, vertigo, and cognition problems. (Tr. 115). Plaintiff claims these illnesses impact her in the following way: "speach [speech] effected, mobility limited, dizziness." *Id.* Plaintiff initially alleged an onset date of July 31, 1990, but she later amended that alleged onset date to January 1, 2008. (Tr. 10). This

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

application was denied initially and again upon reconsideration. (Tr. 50-51).

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 58-85). Plaintiff's administrative hearing was held on June 2, 2011 in Dallas, Texas.[2] (Tr. 23-49). Plaintiff was present and was represented by Hans Pullen at the hearing in this matter. *Id.* Plaintiff and Vocational Expert ("VE") Mr. Bowden[3] testified at the hearing in this matter. *Id.*

On June 24, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2008. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") from her alleged onset date of January 1, 2008 through her date last insured of December 31, 2008. (Tr. 12, Finding 2). Through her date last insured, the ALJ determined Plaintiff had the following severe impairments: multiple sclerosis, fibromyalgia by history, cervical disc disease, migraines, hypertension, obesity, and adjustment disorder with mixed emotional features. (Tr. 12-14, Finding 4). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 4).

The ALJ determined Plaintiff was forty-four (44) years old on her date last insured. (Tr. 16, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c)

---

[2] It appears the claimant and her representative were actually present in Texarkana, Arkansas, and this hearing was held *via* videoteleconference. (Tr. 67).

[3] No information has been provided regarding "Mr. Bowden" apart from his name. (Tr. 24-25).

2

(2008) (DIB). *Id.* Further, the ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 16, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 14-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that she must have the option to sit/stand at 30-minute intervals, particularly while standing. She cannot climb ladders, ropes, or scaffolds. All other postural functions are limited to occasional. She should avoid hazards, heat and prolonged exposure to bright sunlight. She has moderate limitation in handling detailed instructions; maintaining attention and concentration for extended periods; sustaining a normal routine without supervision; completing a normal work day and work week without interruption from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; interacting appropriately with supervisors; responding appropriately to changes in work settings; and setting realistic goals or making independent plans.

(Tr. 14-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found that, through her date last insured, Plaintiff was unable to perform any of her PRW. (Tr. 16, Finding 6). The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 16-17, Finding 10). The ALJ heard testimony from the VE regarding this issue. (Tr. 17, 44-49). Based upon that testimony, the ALJ determined Plaintiff could perform representative occupations such as Lens Inspector, Film Inspector, and Dowel Inspector with 8,000 such jobs in the region and 80,000 such jobs in the nation. (Tr. 17). The ALJ also determined Plaintiff could perform unskilled, sedentary clerical jobs such as Telephone Clerk, Order Clerk, and

3

Address Clerk with 17,800 such jobs in the region and 178,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff was not under a disability, as defined in the Act, at any time from January 1, 2008 (her alleged onset date) through December 31, 2008 (her date last insured). (Tr. 17, Finding 11).

Thereafter, on July 12, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 4-5). The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 21, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 5, 2012. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in assessing her RFC; (2) the ALJ erred by failing to consider whether her impairments met or equaled the requirements Listing 1.02B; and (3) the ALJ erred by failing to give "proper consideration" to her subjective complaints of pain. ECF No. 8. In response, Defendant argues the ALJ properly determined Plaintiff's impairments did not meet or equal the requirements of a Listing, the ALJ properly determined Plaintiff retained the ability to perform a wide range of light work activity, the ALJ properly assessed the credibility of Plaintiff's subjective complaints, and the ALJ properly supported his Step Five determination with the VE's testimony. ECF No. 9 at 1-19.

The Court has considered each of Plaintiff's arguments. However, as an initial matter, Plaintiff alleges an onset date of January 1, 2008, and Plaintiff's disability insured status expired on December 31, 2008. Thus, the relevant time period for this case is only from January 1, 2008 through December 31, 2008. Plaintiff must establish she was disabled during that time period. As the Eighth Circuit has held, "[i]n order to receive disability insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status." *Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998). Thus, the dispositive issue in this case is whether Plaintiff has established she was disabled before the expiration of her insured status. Upon review, the Court finds she has not.

During the relevant time period, Plaintiff did not seek consistent treatment, and her medical records do not establish any disabling impairments. On January 16, 2008, Plaintiff was evaluated after having an abnormal pap smear. (Tr. 209-210). Plaintiff had a D&C (Dilation and Curettage) performed on the same date. (Tr. 213-214). There is no indication Plaintiff had any complications

from this procedure, and Plaintiff does not allege this as a disabling impairment. (Tr. 115).

On May 22, 2008, Plaintiff underwent an MRI after complaining of headaches. (Tr. 207-208). The results from this MRI are relatively mild: "1. Far less intense cerebral lesions bilaterally compatible with improvement in multiple sclerosis. The enhancing lesion seen in the right centrum semiovale demonstrates minimal enhancement on today's study. 2. Development of sinusitis involving the left maxillary and sphenoid sinuses as well as the ethmoid air cells." (Tr. 207). There is no indication from these results that Plaintiff had any work limitations due to her multiple sclerosis and sinusitis. On July 10, 2008, Plaintiff was examined at West Shores Medical, and Plaintiff was only diagnosed with "allergic rhinitis." (Tr. 234, 304). On November 11, 2008, Plaintiff's lab work displayed no abnormalities. (Tr. 237-238). Accordingly, based upon these medical records, the Court finds Plaintiff has not met her burden of establishing she was disabled prior to the expiration of her disability insured status. *See Pyland v. Apfel,* 149 F.3d 873, 876 (8th Cir. 1998). Thus, there is no need to further address Plaintiff's arguments for reversal.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of October 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE